UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAWN LUNDY #305478,

        Plaintiff,                    Case No. 2:08-cv-50

v.                                         Honorable R. Allan Edgar

JEFF WHITE, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

     I.     Factual allegations

Plaintiff Shawn Lundy, an inmate at the Thumb Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Jeff White, Sergeant Unknown Eweris, Sergeant Unknown Dums, Corrections Officer Unknown Haapala, Corrections Officer Unknown Delorean, Corrections Officer Unknown Roberts, Corrections Officer Unknown Klausen, Corrections Officer Unknown Ahola, Corrections Officer Unknown Busch, Lieutenant Unknown Yun, Corrections Officer Unknown Pangrazzi, and Hearing Officer Unknown O'Brien.

In his complaint, Plaintiff alleges that on April 9, 2006, while he was confined at the Ojibway Correctional Facility (OCF), he was attacked by prisoner Mason, who had a knife. Plaintiff yelled to Defendant Haapala for help, and Defendant Haapala came down the stairs and grabbed Plaintiff. Plaintiff told Defendant Haapala that Mason had a knife, as Mason stabbed Plaintiff repeatedly. The other unit officer on duty ran out of the unit and summoned the yard officers on duty, Defendants Yun, Eweris, Dums, Delorean, Roberts, Klausen, Ahola, Busch, and Pangrazzi. These officers watched the situation unfold, allowing prisoner Mason to walk around free with his weapon for approximately 10 to 15 minutes.

The following day, Defendant Haapala wrote a major misconduct on Plaintiff for disobeying a direct order and fighting, stating that he had observed Plaintiff and Mason punching each other and that Plaintiff had not complied with his order to cease fighting. On April 13, 2006, Plaintiff was found guilty of the misconducts. Plaintiff sought a rehearing, which was granted. The rehearing was conducted on May 22, 2006, and based on the video, hearing officer Spicer found:

> Clearly prisoner Mason is the original aggressor, and clearly prisoner Lundy had physical force used against him. The institution has submitted no evidence to rebut the prisoner's statement that he did

>not provoke this incident, and as such, the prisoners meets his burden on this issue as well. As prisoner Lundy is initially clearly seen running away from prisoner Mason, I find that the use of force was not by mutual agreement. The prisoner had no reasonable alternative to the use of force, even with staff present, as staff could only help so much in this instance without also being stabbed. The prisoner did not use more force than was reasonably necessary, while the altercation occurring. That the prisoner strains forward toward prisoner Mason, when staff have a hold of his coat, is not material here as far as having a duty to retreat goes, as the actual fight is over, as the prisoner's [sic] separate. The prisoner is therefore found to have met his burden of proving that he was only defending himself. Based on the film of this incident, this hearing officer finds that the prisoner does also meet his burden of establishing that his compliance with the order to "stop fighting" would cause a significant risk of serious harm to his physical well-being, as it was his reluctance to fight with prisoner Mason, which resulted in his being stabbed in the first instance. The charge is not sustained.

(*See* Plaintiff's complaint, ¶ V.)

Following the assault, Plaintiff was transferred to the Marquette Branch Prison (MBP), where he was held in administrative segregation and stayed for approximately 18 days before again being transferred to the lower security level correctional facility in Carson City. Plaintiff claims that Defendants failed to protect him during the assault. Plaintiff contends that as a result of being stabbed in the temple, head and face, he now suffers from migraine headaches. Plaintiff seeks both damages and equitable relief.

      II.      <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants failed to protect him during the assault by prisoner Mason. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir.1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).

In this case, Plaintiff claims that he yelled for help during the attack and Defendant Haapala came almost immediately. Plaintiff states that within moments, help was summoned from the prison yard. Plaintiff claims that Defendants watched the situation unfold, allowing prisoner Mason to walk around free with his weapon for approximately 10 to 15 minutes before they subdued prisoner Mason. During this time, Plaintiff continued to be the victim of Prisoner Mason's attacks. However, as stated by hearing officer Spicer during the rehearing, the video of the assault shows that "staff could only help so much in this instance without also being stabbed." The fact that Defendants were not able to intervene more quickly to subdue prisoner Mason does not indicate that they were

deliberately indifferent to the peril posed to Plaintiff, but merely that they were attempting to avoid being injured themselves. Prisons are dangerous places filled with dangerous people. Plaintiff's allegations do not support a claim that Defendants were deliberately indifferent to Plaintiff's situation. Such a situation does not rise to the level of an Eighth Amendment violation. Therefore, the undersigned recommends dismissal of Plaintiff's claims against Defendants Eweris, Dums, Haapala, Delorean, Roberts, Klausen, Ahola, Busch, Yun and Pangrazzi.

In addition, the Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MICH. COMP. LAWS §§ 791.251-255. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993) (same). Plaintiff's claim against Defendant O'Brien fails because he is absolutely immune under the circumstances of this case.

Finally, the undersigned notes that liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th

Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant White was personally involved in the activity which forms the basis of his claim. Defendant White's only roles in this action involve the denial of administrative grievances or the failure to act. Defendant White cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendant White are properly dismissed for lack of personal involvement.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 16, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).